INTERNATIONAL PUBLICATIONS, INC., Respondent, v. PRINCE GEORGE MATCHABELLI, Appellant.

First Department, March 18, 1932.

Borris M. Komar of counsel [Alfred L. Green with him on the brief; Borris M. Komar, attorney], for the appellant.

Joseph B. Kaufman of counsel [Marc Bazin with him on the brief; Joseph B. Kaufman, attorney], for the respondent.

McAvoy, J.   The action is brought to recover damages sustained by the plaintiff after repossession by it, through summary proceedings, of an apartment let to the defendant.

The first cause of action sets forth that the defendant failed to pay the rent becoming due thereunder for the month of October, 1925; that thereafter the landlord re-entered by means of a summary order of dispossess; that the lease contained a " savings clause; " that the landlord was unable to relet the premises during the period commencing November, 1925, to and including September, 1926, resulting in damage to it in the sum of $2,750, said sum being the rental reserved for that period.

The second cause of action realleges the allegations of the first cause of action.   It further states that the premises were relet for the period from October 1, 1926, to October 1, 1929, at an annual rental of $2,700, during which period the defendant was liable for rent, by the terms of the lease, at the rate of $3,000, thereby resulting in a deficiency of $900.

Judgment in the sum of $3,650 is demanded.

The amended answer admits all of the allegations of the complaint, except that the lease contained a " savings clause " and the resultant damage.

The clause of the lease containing the reservation of a right to terminate the lease reads as follows:

" *Eleventh.* In case the tenant fails or omits to perform all or any of the covenants, conditions or agreements in this instrument set forth, or makes default in the performance of any rules, orders or regulations now or hereafter established or adopted, this lease shall thereupon terminate if the landlord shall so elect, five days after notice in writing of election to so terminate this lease shall have been set by the landlord to the tenant by mail or otherwise, addressed to the demised premises and thereupon this lease shall cease and come to an end in the same manner and to the same effect as if that were the day originally fixed herein for the expiration of the term of the lease.   In the event that the term of this lease shall expire before the date originally fixed therefor as herein provided, the landlord shall have the right to enter said premises as the agent of the tenant either by force or otherwise, and remove all persons and things therefrom without being liable to any prosecution therefor, and to hold the said premises as if this lease had not been made.   The landlord may in such event relet the said premises as the agent of the tenant, receive the rent therefor and apply the same to the payment of the rent then and thereafter to grow due under these presents and hold the tenant liable for any

deficiency whether the demised premises be relet or remain vacant and also apply said rent to the payment of any expenses that the landlord may be put to in entering, dispossessing and letting, any deficiency to be payable on the same day whereon the rent herein reserved would become due but for the happening of said events, and the maintenance of any action or proceeding to recover any installment or installments thereof shall not preclude the landlord from thereafter maintaining and instituting subsequent actions or proceedings for the recovery of any subsequent installment or installments thereof or moneys thereafter to grow due hereunder."

Plaintiff contends that the language of the 11th clause in that portion at the beginning of the second sentence reading " In the event that the term of this lease shall expire before the date originally fixed therefor as herein provided," is not limited in its application solely to the " conditional limitation " created in the 11th clause, but applies to the entire lease, and that, therefore, the 12th clause gives the landlord the absolute right to maintain this action.

We think that section 11 of the lease provides the exclusive manner in which the landlord may terminate the lease when the tenant has defaulted, to wit, by giving five days' written notice; that it alone gives the landlord the right to enter the premises as the agent of the tenant, to relet the premises and apply the rent under such reletting to the payment of the rent " then and thereafter to grow due under these presents and hold the tenant liable for any deficiency whether the demised premises be relet or remain vacant * * *."

Paragraph " twelfth " of the lease reads: "Any entry or reentry by the landlord, whether had or taken under what are known generally as summary proceedings, or otherwise, and in any manner, shall not be deemed to have absolved or discharged the tenant from any liability hereunder." This clause, we conclude, may not be construed to give the landlord the right to enter the premises as the agent of the tenant, relet the premises and hold the tenant responsible for future rents.

Under clause " eleventh " the lease does not terminate upon the mere default of the tenant. The provision is that upon the tenant's default the landlord has the option to elect or not to elect to terminate the lease. If it does elect to terminate the lease, then it must give to the tenant five days' notice in writing of its election so to do.

Without said notice, and the termination of the lease by the landlord, no liability arises on the part of the tenant under the deficiency clause herein involved.

The order should be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings granted to defendant, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.